IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MACIEL GARCIA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM<br>DECISION AND ORDER**<br><br>Case No. 2:12-cv-00678-RJS<br>(Criminal Case: 2:09-cr-00065-DB)<br><br>Judge Robert J. Shelby |

Petitioner Maciel Garcia filed a petition, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. In addition to the § 2255 petition, Mr. Garcia filed a motion asking the court to grant what he claims is his unopposed § 2255 petition. After carefully reviewing and considering the record, the court concludes that oral argument on the petition and his pending motion is unnecessary. For the reasons stated below, the court DENIES Mr. Garcia's motion to grant petitioner's motion to vacate, set aside, or correct his sentence. (Dkt. 8.) In addition, the court DENIES and DISMISSES WITH PREJUDICE Mr. Garcia's § 2255 petition.

**BACKGROUND**

**I.    Mr. Garcia's Criminal Case**

On February 1, 2007, the United States filed a felony complaint against Petitioner Maciel Garcia, Raul Dimas, and Susan Reeder. (*United States v. Garcia*, 09-cr-0065, Dkt. 1.) In that felony complaint, the United States charged that Mr. Dimas and Ms. Reeder "knowingly and intentionally distribute[d] or posses[ed] with intent to distribute a controlled substance[.]" (*Id.*)

The United States also alleged that Mr. Garcia, Mr. Dimas, and Ms. Reeder "knowingly and intentionally attempt[ed] or conspire[d] to intentionally distribute or possess with intent to distribute a controlled substance[.]" (*Id.*)

On February 4, 2009, after he was detained, the United States filed a single count felony information charging that Mr. Garcia "knowingly and intentionally combine[d], conspire[d], confederate[d], and agree[d] with other persons known and unknown to the grand jury, to distribute 50 grams or more of actual methamphetamine[.]" (*United States v. Garcia*, 09-cr-0065, Dkt. 23.)

On November 4, 2010, Mr. Garcia pled guilty to the only count charged against him. (*United States v. Garcia*, 09-cr-0065, Dkt. 63.) As part of Mr. Garcia's plea agreement, he agreed (with limited exceptions) to "knowingly, voluntarily, and expressly waive [his] right to appeal any sentence imposed upon [him], and the matter in which the sentence is determined[.]" (*Id.*) In addition, Mr. Garcia also agreed to "knowingly, voluntarily, and expressly waive [his] right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255[.]" (*Id.*)

On October 26, 2011, the court sentenced Mr. Garcia to 210 months with 60 months of supervised release to follow. (*United States v. Garcia*, 09-cr-0065, Dkt. 86.) The sentence imposed was at the low end of the advisory guideline range of 210 to 262 months. (*United States v. Garcia*, 09-cr-0065, Dkt. 88.)

II.     **Mr. Garcia's § 2255 Petition**

On July 9, 2012, Mr. Garcia filed this petition, pursuant to § 2255, to vacate, set aside, or correct his sentence. (Dkt. 1.) On July 30, 2012, Mr. Garcia filed a motion seeking permission

to supplement his § 2255 petition.  (Dkt. 2.)  On August 13, 2012, Mr. Garcia filed a supplement to his initial § 2255 petition.  (Dkt. 3.)  On September 27, 2012, the court granted Mr. Garcia's motion seeking permission to supplement his § 2255 petition, and accepted the § 2255 supplement.  (Dkt. 4.)  In addition, the court ordered that the United States answer Mr. Garcia's petition.  (*Id.*)  On October 16, 2012, the United States answered Mr. Garcia's § 2255 petition.  (Dkt. 7.)  On May 8, 2013, notwithstanding the fact that the United States responded to Mr. Garcia's petition, Mr. Garcia filed a motion asking the court to grant his unopposed § 2255 petition.  (Dkt. 8.)

## ANALYSIS

Mr. Garcia's petition raises four grounds for vacating, setting aside, or correcting his sentence.  First, Mr. Garcia contends that he agreed to plead guilty to count one of his felony complaint.  But instead of pleading to count one, he mistakenly pled to the more severe count two of his felony complaint.  Mr. Garcia alleges that his counsel, David Currie, was ineffective in that Mr. Currie did not recognize this mistake during the plea process.  Second, Mr. Garcia contends that Mr. Currie was ineffective because Mr. Currie did not realize the plea mistake, so he failed to object during the sentencing process.  Third, Mr. Garcia contends that Mr. Currie was ineffective because Mr. Currie did not realize the plea mistake and failed to object when judgment was entered.  Finally, Mr. Garcia contends that Mr. Currie was ineffective because Mr. Currie failed to file an appeal.

The court will first address whether Mr. Garcia's § 2255 petition is procedurally appropriate.  The court will then address each of Mr. Garcia's arguments in turn.

## I. Applicability of Mr. Garcia's Waiver of Collateral Attacks

As part of Mr. Garcia's plea agreement, he "knowingly, voluntarily, and expressly waive[d] [his] right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255[.]" (*United States v. Garcia*, 09-cr-0065, Dkt. 63.) The Tenth Circuit has held "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). But "a plea agreement wavier of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187.

Here, Mr. Garcia brings a § 2255 petition arguing that his plea is invalid because of the ineffective assistance of his counsel Mr. Currie. Thus, the court finds that his claims are not barred, and the court will address each of Mr. Garcia's arguments in turn below.

## II. Legal Standards for Ineffective Assistance of Counsel

In order to demonstrate ineffective assistance of counsel, the petitioner must generally show that "counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial." *United States v. Lopez*, 100 F.3d 113, 117-118 (10th Cir. 1996) (citing *Stickland v. Washington*, 466 U.S. 668, 687, 690 (1984)). To establish prejudice, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 669.

4

**III.    Ineffective Assistance of Counsel During the Plea Process**

Mr. Garcia appears to contend the United States filed a two count indictment against him. Mr. Garcia believes that the first count was for possession of a controlled substance with intent to distribute and the second count was for attempt or conspiracy to possess a controlled substance with intent to distribute – a more serious charge. Mr. Garcia appears to further contend he agreed to plead guilty to the first count. But instead of pleading to the first count, Mr. Garcia mistakenly pled to the more severe second count of his felony complaint. Mr. Garcia alleges that his counsel was ineffective in failing to recognize this mistake during the plea process.

But here, it is clear from the record that while Mr. Dimas and Ms. Reeder were charged with two counts, Mr. Garcia was only ever charged with one count of conspiracy under 21 U.S.C. § 846. Mr. Garcia pled guilty to that charge. Thus, Mr. Garcia's contention that two counts against him existed and he agreed to plead to a lesser count one – a count under which he was not charged – is unfounded.

Accordingly, the court finds that Mr. Garcia has not shown that Mr. Currie's performance in the plea process fell below an objective standard of reasonableness, and that Mr. Currie's deficient performance was prejudicial.

**IV.    Ineffective Assistance of Counsel During the Sentencing**

Mr. Garcia appears to argue that his counsel was unreasonable because he should have realized the mistaken plea during sentencing, and Mr. Currie should have objected to the sentence.

As stated previously, the record is clear that while Mr. Dimas and Ms. Reeder were charged with two counts, Mr. Garcia was only ever charged with one count of conspiracy under

21 U.S.C. § 846. Mr. Garcia pled guilty to that single charge. Mr. Garcia's contention that his counsel should have realized the mistaken plea during sentencing is unfounded.

Accordingly, the court finds that Mr. Garcia has not shown that his counsel's performance in the sentencing process fell below an objective standard of reasonableness, and that his counsel's performance was prejudicial.

## V. Ineffective Assistance of Counsel at Judgment

Mr. Garcia next appears to argue that his counsel was unreasonable because he should have realized the mistaken plea when judgment was entered, and should have objected at that time.

The record is clear that Mr. Garcia was only ever charged with one count of conspiracy under 21 U.S.C. § 846. Mr. Garcia pled guilty to that charge. Thus, Mr. Garcia's contention that Mr. Currie should have realized the mistaken plea during judgment is unfounded.

Moreover, as the United States observed, Mr. Currie succeeded in obtaining a relatively lenient sentence for Mr. Garcia. The guideline range for conspiracy under 21 U.S.C. § 846 was between 210 months to 262 months. And the court sentenced him to the low range of 210 months.

Accordingly, the court finds that Mr. Garcia has not shown that his counsel's conduct fell below an objective standard of reasonableness, and that his counsel's performance was prejudicial.

## VI. Ineffective Assistance on Appeal

Finally, Mr. Garcia contends that his counsel was ineffective when he failed to file an appeal after Mr. Garcia advised him to do so. But, even if these allegations were true and the court found that Mr. Currie could have acted more professionally by attempting to file an appeal

as he had promised, Mr. Garcia would still fail in his claim of ineffective assistance of counsel. In the Tenth Circuit, as with waivers of collateral attack, "it is well established that a defendant's waiver of the statutory right to direct appeal contained in a plea agreement is enforceable." *Cockerham*, 237 F.3d at 1181. In reviewing appeals brought after a defendant has entered a waiver, the court must determine (1) whether the disputed appeal falls within the scope of the wavier; (2) whether Mr. Garcia knowingly and voluntarily waive his right to appeal; and (3) whether enforcing the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10 th Cir. 2004) (en banc).

Mr. Garcia waived his appellate rights. Mr. Garcia does not appear to argue that his appeal would have fallen outside the scope of his appellate waiver. Nor does Mr. Garcia appear to argue he did not voluntarily or knowingly waive his right to appeal. Mr. Garcia cannot argue that it would be a miscarriage of justice to enforce the waiver, because Mr. Garcia's claims of ineffective assistance of counsel during his plea, sentencing, and judgment are unfounded. Moreover, Mr. Garcia has proffered no evidence to show that there is a reasonable probability that, but for Mr. Currie's failure to file an appeal, the results would have been different.

Accordingly, the court finds that even if Mr. Currie filed an appeal, there is a reasonable probability it would have failed because Mr. Garcia waived his appellate rights. In addition, the court finds that Mr. Garcia has not shown that Mr. Currie's performance was prejudicial.

## CONCLUSION

For the reasons stated, the court DENIES Mr. Garcia's motion to grant petitioner's motion to vacate, set aside, or correct his sentence. (Dkt. 8.) In addition, the court DENIES and DISMISSES WITH PREJUDICE Mr. Garcia's § 2255 petition. The court orders the Clerk of Court to CLOSE the case.

SO ORDERED this 11th day of April, 2014.

                              BY THE COURT:

                              _____
                              ROBERT J. SHELBY
                              United States District Judge